**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| XIAO XIA CHEN,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>　　　　　　Respondent. | No. 06-73966<br><br>Agency No. A098-594-168<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2010[**]
San Francisco, California

Before: TASHIMA and BEA, Circuit Judges, and READE, Chief District Judge.[***]

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　The Honorable Linda R. Reade, Chief District Judge for the Northern District of Iowa, sitting by designation.

1

Xiao Xia Chen ("Chen"), a native and citizen of China, petitions for review of the Board of Immigration Appeals's ("BIA") order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") found Chen was not credible, denied her application for asylum, withholding of removal, and CAT relief, and ordered her removed to China. The BIA affirmed. We deny her petition for review.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, [this court] review[s] both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir. 2000) (citation omitted). This court reviews an adverse credibility finding by an IJ or the BIA for substantial evidence. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004).

Substantial evidence supports the BIA and IJ's finding that Chen was not credible. We will uphold an adverse credibility finding so long as the IJ or the BIA provided at least one "specific, cogent reason" that "go[es] to the heart of [the] asylum claim." *Id.* (citations and internal quotation marks omitted). Here, the BIA and IJ cited specific inconsistencies between Chen's asylum application and her testimony and within Chen's testimony on which to base their finding that Chen was not credible. These inconsistencies go to the heart of Chen's claim that she was persecuted by the Chinese government on account of her Christian beliefs.

2

First, Chen testified that she was beaten every two to three days while she was detained for fifteen days in January 2000. But Chen never stated in her asylum application that she was ever physically beaten during her January 2000 detention; she claimed only that she was denied adequate food. Further, Chen testified on direct-examination that she was punched in the face and the body and that this was "how [she] pass[ed] every day." But later during her direct testimony she testified she was not beaten every day. It was only during cross-examination that she testified she was beaten every two to three days. When the IJ asked Chen to explain the discrepancy, Chen responded "I didn't put it down." A reasonable IJ could conclude that Chen would have included these daily beatings in her asylum application, if her story were true. *Id.* at 963–64. This reason thus supports the BIA and IJ's adverse credibility finding. *Id.*

Second, Chen was inconsistent regarding who actually arrested her from the church in Gu Huai Town in January 2000. She stated in her asylum application that she was arrested by strange people who claimed to be from the Family Education Institute; she testified on direct- and cross-examination that she was arrested by authorities from her local village (a 30-minute bike ride from Gu Huai Town) who were the same persons who had attacked her when she was twelve years old. When the IJ confronted her with the inconsistency, Chen stated she was

3

arrested by the cadres, who are neither from the Family Education Institute, nor the authorities from her local village. This internally inconsistent testimony supports the BIA and IJ's adverse credibility finding. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1151-52 (9th Cir. 1999).

Because substantial evidence supported the BIA and IJ's adverse credibility finding, the BIA did not err when it denied Chen's application for asylum and withholding of removal. *See Li*, 378 F.3d at 964 (failure of proof on asylum claim necessarily fails under stricter withholding of removal standard). Further, the BIA did not err when it denied Chen's application for CAT relief because Chen failed to show "it is more likely than not that she . . . will be tortured if removed to [China]." 8 C.F.R. § 208.16(c)(2).

**DENIED**.